UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BRODERICK

| GUY BILLUPS III, | Civil Action No.: |
| --- | --- |
| Plaintiff, | 14 CV 4890 |
| - against – | COMPLAINT |
| CORINTHIAN HOLDINGS L.L.C. | |
| Defendant. | |



RECEIVED JUN 30 2014 U.S.D.C. S.D.N.Y. CASHIERS

Guy Billups III ("Plaintiff") hereby brings this Complaint against Corinthian Holdings L.L.C. ("Defendant") for breach of contract and respectfully complains and alleges as follows:

## I.   INTRODUCTION

1. This is a simple breach of contract case. Corinthian Holdings entered into a written Promissory Note with Mr. Billups and promised to pay Mr. Billups principal in the amount of $300,000 together with 5% simple interest per year accruing from February 15, 2011 (the "Note," attached as Exhibit A). All principal and interest on the Note was due and payable on December 31, 2012, but Corinthian Holdings failed to pay any of the principal or interest on or before that date. Two months later, in February 2013, Corinthian Holdings, finally made a partial payment of just $60,000. Despite Mr. Billups's repeated attempts to collect the remaining amount due, sixteen more months have now passed without any further payment from Corinthian Holdings, leaving Mr. Billups no choice but to file this breach of contract action.

## II.   PARTIES

2. Plaintiff Guy Billups III is a resident of the State of Mississippi. Mr. Billups resides at 41 County Road 231, Oxford, Mississippi.

3.     Defendant Corinthian Holdings L.L.C. is a limited liability company formed under the laws of the State of New York and having its principal place of business at 10 E 53rd Street # 28, New York, New York.  Defendant Corinthian Holdings is the is the sole managing member of Corinthian Partners, L.L.C. ("Corinthian Partners") and the controlling shareholder of CF Services, Inc. ("CF Services").  Defendant Corinthian Holdings states that its principal business is to act as a holding company for Corinthian Partners, CF Services and other affiliated companies.

4.     Corinthian Partners, L.L.C. ("Corinthian Partners") is a New York limited liability company which purports to be engaged in business as a registered securities broker-dealer.  CF Services, Inc. ("CF Services") is a New York corporation whose principal business is purportedly seeking to invest in businesses engaged in the securities and/or commercial banking industries.  The executive officers and directors of CF Services are Richard Calabrese who serves as President and Chairman of the Board of Directors, Mitchell Manoff who serves as Chief Executive Officer and a Director, and Pamela Halk who serves as Chief Financial Officer.

5.     The sole managing member of Defendant Corinthian Holdings is Corinthian Capital Corporation ("Corinthian Capital"), a New York corporation.  The principal business of Corinthian Capital is to act as managing member of Corinthian Holdings.  The executive officers and directors of Corinthian Capital are Richard Calabrese who serves as President and Chairman of the Board of Directors and Mitchell Manoff who serves as Chief Executive Officer and a Director.

6.     Richard Calabrese owns 50% of the capital stock of Corinthian Capital and serves as President and Chairman of the Board of Directors of Corinthian Capital.  Mr. Calabrese's principal occupation is as President of Corinthian Partners, as President of Corinthian Partners

Asset Management, LLC ("CPAM"), a registered investment advisory firm owned by Corinthian Holdings, and as President and Chairman of the Board of Directors of CF Services.

7.  Mitchell Manoff owns 50% of the capital stock of Corinthian Capital and serves as Chief Executive Officer and a Director of Corinthian Capital. Mr. Manoff's principal occupation is as Chief Executive Officer of Corinthian Partners, as Chief Executive Officer of CPAM, and as Chief Executive Officer and a Director of CF Services.

### III.  JURISDICTION AND VENUE

8.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as a result of the diversity of the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

9.  This Court has personal jurisdiction over the Defendant because it is a resident of the State of New York. In addition, the Note was issued under and pursuant to the terms and conditions of a Note Purchase Agreement entered into by Plaintiff and Defendant on February 3, 2011 (attached as "Exhibit B"). In the Note Purchase Agreement, Defendant irrevocably waived and agreed not to assert any claim that it is not personally subject to the jurisdiction of any New York Court.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the relevant events giving rise to these claims occurred in this district. In the Note Purchase Agreement, moreover, Defendant irrevocably waived and agreed not to assert any claim this proceeding has been commenced in an improper or inconvenient forum.

## IV.  GENERAL ALLEGATIONS

11.  On or about February 15, 2011 Defendant Corinthian Holdings issued a Promissory Note to Plaintiff Guy Billups (the "Note"). Defendant's Chairman and President Richard Calabrese executed the Note on behalf of Defendant.

12.  Under the terms of the Note, Defendant promised to pay Plaintiff principal in the dollar amount of Three Hundred Thousand and 00/100th Dollars ("$300,000), together with five percent (5%) simple interest accruing from February 15, 2011 on the unpaid balance of the principal. All principal and interest on the Note was due and payable on December 31, 2012.

13.  Defendant did not pay any principal or interest before December 31, 2012. Thus, the principal of $300,000 together with interest in the amount was due and payable to Plaintiff on December 31, 2012.

14.  Defendant failed to pay any portion of the principal and interest on December 31, 2012.

15.  Plaintiff then made several demands for payment on the Note. In response, Defendant made a partial payment of $60,000 to Plaintiff on or about February 25, 2013. Despite repeated demands for full payment and attempts to settle the issue by Plaintiff, Defendant has failed to make any further payments on the balance of the principal and interest due.

16.  The Note provides that failure to pay any amount of principal or interest when due is deemed an "Event of Default."

17.  The Note further provides that Defendant promises to pay Plaintiff all reasonable costs and expenses (including reasonable attorneys' fees and costs) incurred in connection with any action to collect on the Note.

18. The Note is governed and construed under the laws of New York, and Defendant waived presentment, demand for payment, dishonor, notice of dishonor, protest, notice of protest, and any other formality.

19. The Note was issued under and pursuant to the terms and conditions of a Note Purchase Agreement entered into between Defendant Corinthian Holdings and Plaintiff Guy Billups on February 15, 2011. Defendant's Chairman and President Richard Calabrese executed the Note Purchase Agreement on behalf of Defendant.

20. Under the Note Purchase Agreement, Defendant waived personal service of process and consents to process by mailing a copy of the complaint via registered or certified mail or overnight delivery. In the Note Purchase Agreement, the parties also agreed that the prevailing party shall be reimbursed by the other party for its reasonable attorney's fees and other reasonable costs and expenses incurred with the investigation, preparation, and prosecution of any such proceeding.

## CLAIM FOR RELIEF

[Breach of Contract]

21. Plaintiff adopts and incorporates by reference paragraph 1 through 20 as though set forth in full.

22. Plaintiff and Defendant entered into a written agreement on February 15, 2011 in which Defendant, for value received, promised to pay by December 31, 2012, principal in the amount of $300,000 together with 5% simple interest per year accruing from February 15, 2011 ("Note"). The Note is a valid and enforceable contract.

23. Plaintiff has fully performed his obligations under the Note.

24. Defendant failed to pay the principal and interest when due under the Note. Thus, Defendant has breached the parties' contract.

25. Plaintiff has made several attempts to contact Defendant for payment, but Defendant has failed to pay the full amount of principal and interest due under the Note. Thus, Defendant remains in breach of the parties' contract.

26. Due to Defendant's breach, Plaintiff has been damaged by Defendant in the amount of the unpaid principal in the sum of approximately $270,000, and unpaid interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That judgment be entered against Defendant.

2. That Plaintiff shall recover from Defendant the unpaid principal in the sum of approximately $270,000 together with interest thereon.

3. That Plaintiff recover from Defendant all reasonable costs and expenses, including reasonable attorney's fees and costs, incurred with the investigation, preparation, and prosecution of this action.

4. For such and other and further relief as is just and proper.

Dated: June 30, 2014

MCKENNA LONG & ALDRIDGE LLP

By: _____

Charles E. Dorkey III
230 Park Avenue, Suite 1700
New York, New York 10169
Telephone: (212) 905-8330
Facsimile: (212) 922-1819

*Counsel for Guy Billups III*